MAINE CENTRAL RAILROAD CO. *v.* UNITED STATES (No. 2783)[1]

COMMERCIAL DESIGNATION—LIVE SHEEP AND LAMBS—CONSTRUCTION AIDED BY FORMER ACTS.
  Paragraph 702, Tariff Act of 1922, covers live animals of the sheep and goat kind and the fresh meat of both; and this is borne out by the language of former tariff acts. Proof that young sheep are commercially known as lambs does not serve to prevent their classification as "sheep," under paragraph 702, and effect it as "live animals," under paragraph 715

United States Court of Customs Appeals, March 9, 1927

APPEAL from Board of United States General Appraisers, G. A. 9124, T. D. 41516

[Affirmed.]

*Henry F. Wood* and *Waterhouse & Lockett* for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Fred J. Carter,* special attorneys, of counsel), for the United States.

[Oral argument October 19, 1926, by Mr. Wood, Mr. Igstaedter, and Mr. Lockett]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:
  The question here is under which of the two following paragraphs of the Tariff Act of 1922, two carloads of live lambs shall be classified:

PAR. 702. Sheep and goats, $2 per head; fresh mutton and goat meat, 2½ cents per pound; fresh lamb, 4 cents per pound.
PAR. 715. Live animals, vertebrate and invertebrate, not specially provided for, 15 per centum ad valorem.

  The collector, whose action was sustained by the Board of General Appraisers, now the United States Customs Court, assessed the lambs at $2 per head under the first quoted paragraph, while the importer claims them to be dutiable at 15 per centum ad valorem under the second.
  Importer, while admitting, that in its common meaning the word "sheep" includes these lambs, contends that, commercially, they are not sheep and that, inasmuch as there is no *eo nomine* provision for lambs, they must, being live vertebrate animals, be classified under paragraph 715.
  The Government contends that the word "sheep" in paragraph 702 is not subject to such proof of commercial designation as would exclude lambs from classification as sheep, and further that, assuming otherwise, there is no such commercial designation established by the proof or found by the board.
  Importers offered no proof that live lambs are in the wholesale trade and commerce dealing therein uniformly, generally, and definitely known and called live animals.

---

[1] T. D. 42054.

Considerable testimony was given before the board on behalf of both sides by witnesses whose competency was not challenged. Much of this testimony was directed to showing at what period in their lives animals like the importation here became sheep and ceased to be lambs. There is no substantial conflict in the testimony on this question and no claim that the board's finding in respect thereto is erroneous.

Briefly summarized such finding is that, when a lamb arrives at the age of one year or thereabouts, it attains a physical condition, ascertained, if there is doubt, by an examination of its teeth, which results in its being designated as a sheep; that thereafter certain changes in its teeth occur from year to year by which its age may be determined until it is four years old, after which its age can not be determined by such an examination.

On the question of commercial designation, the board found as follows:

That lambs are generally bought and sold as such. It also appears that the general term "sheep" is divided into various classes and so dealt in in the market to wit, as rams, ewes, yearlings, wethers, lambs; also 2-year-olds and 3-year-olds and, probably, there might be another class termed "culls" being the poorest of all classes.

Importer vigorously contends that this finding is erroneous as not supported by the evidence. To discuss in detail all importer's arguments upon this issue and recite the pertinent evidence would extend this opinion to an unreasonable length.

Unquestionably, the testimony establishes that lambs are uniformly, generally, and commonly, in the wholesale trade dealing therein, bought and sold as lambs. Such proof, however, does not establish a commercial designation that removes the lambs from classification under paragraph 702 because the word "sheep" in its common meaning includes such lambs. In other words, there is no difference shown between the common and commercial meaning of the word "sheep." It would be just as logical to contend that because the proof shows that animals of the sheep kind, after they arrive at the age of one year, are known in the trade as rams, ewes, yearlings, wethers, 2-year-olds, and 3-year-olds, they were by such proof excluded from classification as sheep.

We think the entire finding above quoted was justified by the evidence, all of which has been carefully examined. The truth of the matter was well expressed by Mr. Schurt and Mr. Havey, witnesses for the Government, the former saying with reference to lambs:

They are all handled and sold as sheep. The difference in lambs, ewes, and wethers is only a trade distinction.

The latter speaking of the sheep trade generally said:

They class them for just what they are  \*  \*  \*  lambs, rams, wethers, and ewes.

In other words, we think the evidence sums up in this: That in the trade they are all regarded as sheep; that in the actual commercial transactions they are bought and sold by a name which indicates their age, sex, lack of sex, or other condition, and that, in substance, is what the board found. This usage is obviously brought about by the fact that the market prices for the animals, especially when used for food, depend upon their condition in these respects.

The Board of General Appraisers as a further reason for its decision held, in effect, that Congress did not intend that the provision for sheep in paragraph 702 should be subject to proof of commercial designation. With this conclusion we agree to the extent at least of saying that lambs can not be excluded from classification under the paragraph by proof that goes no further than to show that they are bought and sold as lambs.

Paragraph 702 clearly indicates that Congress intended to provide therein for the live animals of the sheep and goat kind and for the fresh meat of both.

The tariff act of 1897, paragraph 221, provided for—

Sheep, 1 year old or over, one dollar and fifty cents per head; less than 1 year old, seventy-five cents per head.

This was reenacted in the act of 1909, paragraph 228, and also in paragraph 13 of the emergency act of 1921 in which latter the rates were increased to $2 and $1 per head respectively. The act of 1913, paragraph 619, of the free list provided for—

Swine, cattle, sheep, and all other domestic live animals suitable for human food not otherwise provided for in this section.

The act of 1897, paragraphs 218 and 219, and the act of 1909, paragraphs 225 and 226, imposed specific duties upon cattle and swine. The act of 1921, paragraph 12, specifically provides for cattle.

"All other live animals not specially provided for," were assessed at ad valorem rates in paragraph 222 of the act of 1897, in 229 of the act of 1909, and in 187 of the act of 1913. The last act gives free entry, in paragraph 545, to fresh mutton and lamb. In other words, in all these statutes Congress has clearly indicated that swine, cattle, and sheep, animals whose flesh is used for human food, were, for tariff purposes, considered as in a general class separate from animals whose flesh is not generally so used and for which different provisions were made.

Reference is often had to preceding legislation on the same subject for the purpose of determining the meaning of a statute in force. *Central Commercial Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 131; *United States* v. *Beadenkopf Co. et al.*, 8 Ct. Cust. Appls. 283.

The legislation referred to clearly indicates that in enacting paragraph 702 Congress intended to remove the distinction theretofore made between sheep 1 year old or more and sheep less than that age and to place them all, regardless of age, in the same class and subject to the same specific duty. It did not intend that live lambs under 1 year of age should be classified as live animals under paragraph 715. Of course, these live lambs are live animals all the time, and, so are they, all the time, sheep. Paragraph 715 covers only live animals not provided for, but sheep are provided for in paragraph 702, and we are clear that the evidence in this case does not justify their classification as claimed by the importer.

The judgment below is undoubtedly right, ought to be and hereby is *affirmed*.